IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17-cr-00293-BSM |
| | ) | |
| DAVID D. SINGLETON | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

The United States of America, by and through its counsel, Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Liza Jane Brown, Assistant United States Attorney for said district, respectfully requests that this Court deny the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) because a sentence reduction is not warranted in this case.

Singleton acted as a source of supply for a large drug trafficking that included members of a white supremacist group known as the New Aryan Empire (NAE). He worked with the president of the NAE to distribute methamphetamine to other members of the conspiracy. Singleton facilitated the distribution of methamphetamine while out in the community and while incarcerated in the Arkansas Department of Correction. During the conspiracy period, he facilitated the distribution of approximately 100 pounds of methamphetamine.

Singleton was charged by a Second Superseding Indictment with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Doc. 1058). On December 17, 2020, Singleton pled guilty to the charge in the Second Superseding Indictment pursuant to a plea agreement with the United States, and the charges against him in the Indictment and Superseding Indictment were

dismissed. (Doc. 1824). Singleton was subsequently sentenced by this Court to seventy months' imprisonment in the BOP, to be followed by five years' supervised release. (Doc. 2429). He currently has a projected release date of August 6, 2027. *See* www.bop.gov/inmateloc.

Singleton filed the instant motion on November 22, 2024. (Doc. 2909). Prior to filing the motion, he submitted a request for a sentence reduction to the warden of his facility, which was denied. In the motion, Singleton seeks a sentence reduction due to his father's medical condition. This Court should deny the motion because a sentence reduction is not warranted in this case.

**I.     A SENTENCE REDUCTION IS NOT WARRANTED**

The defendant bears the burden of showing that compassionate release is appropriate. *United States v. Johnson*, No. 4:00-CR-40023, 2020 WL 1434367, at *1 (W.D. Ark. Mar. 24, 2020). This Court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court "finds that" either (1) "extraordinary and compelling reasons warrant such a reduction," or (2) the defendant is at least 70 years old and has served at least 30 years in prison, <u>and</u> "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1]

The pertinent policy statement is set forth at United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. It prohibits this Court from reducing a defendant's sentence unless the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

---

[1] Congress explicitly gave authority to the Sentencing Commission to further describe what conduct would authorize a court to order a compassionate release. Specifically, 28 U.S.C. § 994(t) states that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A), "including the criteria to be applied and a list of specific examples." The statute also states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

The Sentencing Commission also provided explicit examples of what constitutes an "extraordinary and compelling reason":

(1) <u>Medical Circumstances of the Defendant</u>.—

    (A) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (B) The defendant is—

        (i) suffering from a serious physical or medical condition,

        (ii) suffering from a serious functional or cognitive impairment, or

        (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

    (D) The defendant presents the following circumstances—

        (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

        (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

        (iii) such risk cannot be adequately mitigated in a timely manner.

(2) <u>Age of the Defendant</u>.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) <u>Family Circumstances of the Defendant</u>.—

  (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

  (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

  (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) <u>Victim of Abuse</u>.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

  (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

  (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) <u>Other Reasons</u>.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

### A. Singleton has failed to demonstrate that there are extraordinary and compelling reasons for a sentence reduction.

In his motion, Singleton asserts that he would be the only available caregiver for his father, who has various health conditions. Among the examples listed in the United States Sentencing Guidelines of what constitutes an extraordinary and compelling reason for a sentence reduction is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. 1B.13(b)(3)(C). However, Singleton has failed to establish that those conditions exist.

Attached to Singleton's motion is a medical record indicating that his father has been diagnosed with several conditions, including diabetes, hypertension, and kidney disease. While this record reflects that Singleton's father has been diagnosed with these conditions, the document contains no information indicating that his father is incapacitated. Singleton alleges that his father has been diagnosed with cancer and cites to a nonexistent attachment to his motion. Singleton has failed to demonstrate that his father's physical condition is meets the requirements to constitute an extraordinary and compelling reason for a sentence reduction.

Singleton has also failed to establish that he would be the only available caregiver for his father. He asserts that his father has another child who lives in Las Vegas, Nevada, and aside from stating her city of residence, he fails to explain why she would be unable to provide care for their father. He also asserts that "other family members are unable to provide proper care" without explaining why this is the case and without providing documentation regarding the level of care his father requires.

Singleton also points to evidence of his purported rehabilitation during his incarceration in the Bureau of Prisons (BOP). Singleton fails to mention that during his incarceration, he has received two disciplinary reports, one of which was for possession of drugs or alcohol. *See* Government's Exhibit 1 (Inmate Discipline Data). Singleton also asserts that he is participating in RDAP and various other programs. The United States would note that his participation in this programming carries the potential for him to receive credit against his sentence, and it is unclear what his commitment to participating in programming would be absent the chance at these incentives.

**B.   Singleton remains a danger to the community and the § 3553(a) factors do not support granting a sentence reduction.**

This Court may not reduce the defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The record in this case precludes such a finding.

Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record

concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4). Consideration of these factors does not allow this Court to conclude that the defendant is not a danger to the safety of any other person or the community.

As described above, Singleton was a participant in a large, long-term drug distribution conspiracy during which he distributed approximately 100 pounds of methamphetamine. He participated in these activities even while incarcerated in the Arkansas Department of Correction. Singleton had an extensive criminal history prior to his conviction and sentencing in the instant case. At age eighteen, he was convicted of carrying a loaded firearm and possession of marijuana. (PSR, ¶ 48). In 2003, he was convicted of possession of a controlled substance, and he was released from custody and returned to custody eight different times between April 2004 and February 2016. *Id.* at ¶ 49. He also absconded from parole on three occasions. *Id.* He was also convicted of robbery in 2004 after he and another person forced their way into a home armed with guns and shot at the homeowner multiple times. *Id.* at ¶ 50. His prior criminal history also includes two convictions for delivery of methamphetamine, a conviction for being a felon in possession of a firearm, and a conviction for failure to stop after an accident with injury or death. *Id.* at ¶¶ 52, 54, 55. 56. In addition to his criminal history, Singleton reported a substance-abuse history that included daily use of marijuana and methamphetamine at the time of his arrest for the instant offense. *Id.* at ¶ 80. Singleton's criminal history, his history of being released and returned to custody multiple times, his history of absconding from supervision, and his substance abuse history all demonstrate that he would be a danger to the community were he to be released from imprisonment.

In determining whether to grant compassionate release, district courts are to consider the factors listed in 18 U.S.C. § 3553(a). In this case, those factors do not support granting the

7

defendant compassionate release. Considering Singleton's history and the nature and circumstances of the instant offense, granting the requested relief would not promote respect for the law, nor would it reflect the seriousness of the defendant's offense, provide just punishment, afford adequate deterrence, or protect the public from further crimes of the defendant.

**Wherefore**, the United States respectfully requests that the defendant's motion for a sentence reduction be denied.

    Respectfully submitted,

    JONATHAN D. ROSS
    United States Attorney

    By: Liza Jane Brown
    Bar No. 2004183
    Assistant United States Attorney
    P.O. Box 1229
    Little Rock, Arkansas 72203
    (501) 340-2600
    Liza.Brown@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 4, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also sent a copy of the foregoing by first-class mail to:

David. D. Singleton
Reg. No. 31662-009
FCI Butner Medium II
P.O. Box 1500
Butner, NC 27509

                                          JONATHAN D. ROSS
                                          United States Attorney

                                          By: Liza Jane Brown
                                          Bar No. 2004183
                                          Assistant United States Attorney
                                          P.O. Box 1229
                                          Little Rock, Arkansas 72203
                                          (501) 340-2600
                                          Liza.Brown@usdoj.gov